USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___9/26/2019___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                              :

MAGNUM PHOTOS INTERNATIONAL,    :
INC.,                                  :
                              :
                Plaintiff,    :
                              :
           - against -       :
                              :
HOUK GALLERY, INC. and EDWYNN   :
HOUK GALLERY,                 :
                              :
               Defendants.  :
                              :
-----------------------------------------------------------X

16-CV-7030 (VSB)

**OPINION & ORDER**

Appearances:

Joshua Ron Bressler
Bressler Law PLLC
New York, New York
*Counsel for Plaintiff*

David S. Korzenik
Terence Patrick Keegan
Ramona Houck
Miller Korzenik Sommers LLP
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

       In this copyright action, Plaintiff Magnum Photos International, Inc. brought claims

against Defendants Houk Gallery, Inc. and Edwynn Houk Gallery for direct and indirect

infringement pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq*, alleging that without

authorization or consent, Defendants reproduced, distributed, and transmitted certain

photographs created by French humanist photographer Henri Cartier-Bresson. On September 21,

2018, I issued an Opinion & Order granting Defendants' motion for summary judgment on the

ground that Defendants' use of the Cartier-Bresson photographs constituted fair use. Defendants now move for attorney's fees pursuant to 17 U.S.C. § 505. For the reasons that follow, Defendants' motion is DENIED.

## I.    **Background**

Plaintiff, the exclusive licensee of copyright rights for the Cartier-Bresson images at issue here, filed this action on September 8, 2016, alleging copyright violations relating to Defendants' use on their website of small "thumbnail" images of approximately 116 Cartier-Bresson photographs, which Defendants lawfully offered for sale during two exhibitions in 2009 and 2013. (Docs. 1, 1-1.) Plaintiff did not challenge Defendants' authority to sell the photographs, but instead objected to Defendants' use of uncropped thumbnail images of those photographs on their website to advertise Defendants' exhibitions of Cartier-Bresson's work. (*Id.*) The parties agreed to engage in limited discovery confined to the issue of whether Defendants' use of the images on their website qualified as "fair use," as defined in 17 U.S.C. § 107. (Doc. 28.) On September 21, 2018, I granted summary judgment in Defendants' favor on the question of fair use and dismissed Plaintiff's claims. *See Magnum Photos Int'l, Inc. v. Houk Gallery, Inc.* ("SJ O&O"), No. 16-CV-7030 (VSB), 2018 WL 4538902 (S.D.N.Y. Sept. 21, 2018).

Defendants now seek reimbursement for the attorney's fees they incurred in defending this action, pursuant to 17 U.S.C. § 505. Defendants filed their motion seeking fees on January 18, 2019, (Doc. 69), along with a memorandum of law, (Doc. 71), and declaration with exhibits in support, (Doc. 70). Plaintiff filed its opposition, (Doc. 76), and supporting declarations, (Docs. 77–78), on March 22, 2019, and Defendants filed their reply on April 19, 2019, (Doc. 79).

**II.     Legal Standard**

The Copyright Act provides that "the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. However, attorney's fees are not awarded as "a matter of course." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994) (rejecting the "British Rule" in which "prevailing plaintiffs and defendants [are] awarded attorney's fees as a matter of course"). Rather, they are awarded to prevailing parties "only as a matter of the court's discretion." *Id.* at 534; *see also Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006) ("An award of attorney's fees and costs is not automatic but rather lies within the sole and rather broad discretion of the Court."), *aff'd*, 249 F. App'x 845 (2d Cir. 2007).

In *Fogerty v. Fantasy, Inc.*, the Supreme Court set forth a nonexclusive list of factors to guide the exercise of discretion in awarding fees. *See* 510 U.S. at 534 n.19. "These factors include frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* (internal quotation marks omitted). "[O]bjective reasonableness is a factor that should be given substantial weight in determining whether an award of attorneys' fees is warranted." *Matthew Bender & Co. v. W. Pub. Co.*, 240 F.3d 116, 122 (2d Cir. 2001); *see also TufAmerica Inc. v. Diamond*, No. 12-CV-3529 (AJN), 2016 WL 1029553, at *1 (S.D.N.Y. Mar. 9, 2016) (collecting cases). That said, "the objective reasonableness inquiry should not become dispositive." *Manhattan Review LLC v. Yun*, 765 F. App'x 574, 576 (2d Cir. 2019) (summary order). Instead, district courts "must take into account a range of considerations beyond the reasonableness of litigating positions,"—namely, those factors set forth in *Fogerty*. *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1988 (2016); *see also id.* at 1988–89 (explaining that "a court may order fee-shifting because of a party's

litigation misconduct, whatever the reasonableness of his claims . . . . [o]r a court may do so to deter repeated instances of copyright infringement or overaggressive assertions of copyright claims").

### III. <u>Discussion</u>

Having considered the factors set forth in *Fogerty* and reaffirmed in *Kirtsaeng*, I conclude that they do not call for "the draconian shifting of fees" in the instant case. *Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, No. 14-CV-3419 (JMF), 2018 WL 317850, at *4 (S.D.N.Y. Jan. 8, 2018), *aff'd*, 764 F. App'x 39 (2d Cir. 2019).

#### A. *Objective Unreasonableness or Frivolousness*

Although "[o]bjective unreasonableness is not the same as frivolousness," both factors are often analyzed by inquiring whether "there is indisputably absent any factual or legal basis for [plaintiff's claims]." *TCA Television Corp. v. McCollum*, No. 15 Civ. 4325 (GBD) (JCF), 2017 WL 2418751, at *14 (S.D.N.Y. June 5, 2017) (internal quotation marks omitted), *report and recommendation adopted*, 2018 WL 2932724 (S.D.N.Y. June 12, 2018). In general, courts appear to treat frivolousness as "a particularly intense form of objective unreasonableness." *Id.* (citing *CK Co. v. Burger King Corp.*, No. 92 Civ. 1488, 1995 WL 29488, at *1 (S.D.N.Y. Jan. 26, 1995)). Importantly, the mere fact that summary judgment has been granted in favor of a defendant is "not the equivalent of a finding that plaintiff's claims are objectively unreasonable." *Leibovitz v. Paramount Pictures Corp.*, No. 94 Civ. 9144(LAP), 2000 WL 1010830, at *2 n.1 (S.D.N.Y. July 21, 2000) (citation omitted).

Here, Defendants prevailed at the summary judgment stage on a "fair use" defense, which is evaluated by looking to four factors: (1) "the purpose and character of the use," (2) "the nature of the copyrighted work," (3) "the amount and substantiality of the portion used in

relation to the copyrighted work as a whole," and (4) "the effect of the use upon the potential

market for or value of the copyrighted work." 17 U.S.C. § 107. On summary judgment, I

determined that one of the four factors (the "nature of the copyrighted work") weighed in

Plaintiff's favor as Cartier-Bresson's photographs are "highly creative works of art," while

another of the four factors ("the amount and substantiality of the portion used in relation to the

copyrighted work as a whole") weighed only "slightly" in Defendants' favor, given that

Defendants posted on their website uncropped versions of the photographs, thereby "us[ing] a

large portion of the image in relation to the copyrighted work as a whole." SJ O&O, 2018 WL

4538902, at *3–4.

It is true that I concluded that the remaining two factors weighed heavily in Defendants'

favor. *See id.* at *2–5.[1] That said, Plaintiff identified a 2010 decision from the U.S. District

Court for the Western District of Missouri rejecting a gallery owner's fair use defense under

similar circumstances. *See Teter v. Glass Onion, Inc.*, 723 F. Supp. 2d 1138, 1153–54 (W.D.

Mo. 2010) (finding fair use defense not applicable and gallery's use of thumbnail images "not

transformative" as gallery did "not alter the original work with new expression, meaning, or

message" but rather used the images for "an informative and promotional function on the

[g]allery's website," despite acknowledging that the "use of thumbnail images does not create a

substitute market for [plaintiff's] copyrighted paintings" (internal quotation marks omitted)).

Defendants respond to Plaintiff's citation to *Teter* by noting that a leading copyright

---

[1] With respect to the first factor—the "purpose and character of the use"—I found Defendants' use of the images to be "transformative." SJ O&O, 2018 WL 4538902, at *3. "[A] transformative use is one that communicates something new and different from the original or expands its utility, thus serving copyright's overall objective of contributing to public knowledge." *Authors Guild v. Google, Inc.*, 804 F.3d 202, 214 (2d Cir. 2015). With regard to the fourth factor—the effect on the "potential market"—I concluded that the effect would be minimal given that the thumbnail versions of Cartier-Bresson's images "were no substitute for the original works." SJ O&O, 2018 WL 4538902, at *4.

commentator has referred to the decision as "deeply confused." (Defs.' Reply 8 n.5 (quoting 4 Patry on Copyright § 10:143 n.20 (2019)).)[2] While I also found *Teter*'s reasoning unpersuasive, the existence of case law supporting Plaintiff's position militates against a finding that Plaintiff's claims were objectively unreasonable.

Courts have cautioned that the fair use inquiry is an "open-ended and context-sensitive" one, *Hosseinzadeh v. Klein*, 276 F. Supp. 3d 34, 41 (S.D.N.Y. 2017) (internal quotation marks omitted), which cannot "be simplified with bright-line rules" and instead "calls for case-by-case analysis," *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994). In sum, while I do not find Plaintiff's arguments opposing fair use to be strong ones, I also do not find them so deficient as to amount to "objectively unreasonable." *Cf. Louis Vuitton*, 2018 WL 317850, at *2 (explaining, in a case seeking fees under both the Copyright Act and the Lanham Act, that "although the Court . . . did not find this case to be a particularly close call, it cannot say that [plaintiff's] arguments were so objectively unreasonable . . . that no party could see an opening through which the arguments could be squeezed" (internal quotation marks omitted)); *Leibovitz*, 2000 WL 1010830, at *2–4 (declining to find plaintiff's arguments opposing fair use defense objectively unreasonable where plaintiff primarily cited "easily distinguishable cases" and "relie[d] largely on [outdated] case law which held that every commercial use was presumptively unfair").

### B.    *Motivation*

Defendants contend that Plaintiff's claims were "improperly motivated" and that Plaintiff has attempted to "police a nonexistent right that extends far outside its proper copyright interest."

---

[2] "Defs.' Reply" refers to Defendants' Reply Memorandum of Law in Support of Motion for Award of Attorney's Fees, filed April 19, 2019. (Doc. 79.)

(Defs.' Br. 12–13.)[3]  As evidence of Plaintiff's "overreach[]," Defendants point to a statement by

Plaintiff's Global Licensing Director explaining that "Magnum administers all of the licensing"

for Cartier-Bresson's images, and also "administ[ers] exhibitions of the [i]mages by art

galleries."  (*Id.* at 13 (quoting Doc. 46 ¶ 3).)  I find this summary of Plaintiff's role as copyright

licensee for Cartier-Bresson's work insufficient, without more, to suggest an improper motive.

Furthermore, I conclude that Plaintiff's respectful conduct throughout this litigation,

including Plaintiff's apparent efforts to resolve this dispute in an efficient and cost-effective

manner, belies its alleged bad faith.  *See Jovani Fashion, Ltd. v. Cinderella Divine, Inc.*, 820 F.

Supp. 2d 569, 574 (S.D.N.Y. 2011) ("The bare allegation that [plaintiff] brought its claim in bad

faith or due to an improper motive is outweighed by the generally respectful conduct of the

litigation thus far . . . .").  Defendants do not dispute that prior to filing the instant action,

Plaintiff engaged in extensive settlement negotiations with Defendants, or that once the action

was filed, Plaintiff agreed to streamline the litigation by limiting discovery and summary

judgment briefing to the issue of fair use.  (Defs' Br. 3; Pl.'s Opp'n 11–12;[4] *see also* Doc. 28

(reflecting the parties' agreement to "conduct limited discovery directed solely to the fair use

issue and stay all other discovery until the motion for summary judgment is resolved").)  Plaintiff

also declined to seek reconsideration or appellate review of my award of summary judgment to

Defendants.  *Cf. Louis Vuitton*, 2018 WL 317850, at *1 (denying defendant's motion for

attorney's fees notwithstanding fact that plaintiff had appealed summary judgment ruling in

defendant's favor).  Accordingly, I find that Plaintiff's litigation conduct evinces a good faith

---

[3] "Defs.' Br." refers to Defendants' Memorandum of Law in Support of Motion for Award of Attorneys' Fees, filed January 18, 2019.  (Doc. 71.)

[4] "Pl.'s Opp'n" refers to Plaintiff Magnum Photos' Memorandum of Law in Opposition to Defendants' Motion for Attorney's Fees," filed March 22, 2019.  (Doc. 76.)

effort to minimize both parties' investment of time and money and undermines Defendants' allegations of an improper motive.

### C. *Compensation and Deterrence*

The Supreme Court has recognized that "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." *Fogerty,* 510 U.S. at 527. Given that Defendants' fair use defense proved meritorious, this factor admittedly cuts in Defendants' favor. However, Defendants are not left entirely uncompensated: in defending this lawsuit successfully, they have arguably "benefitted by protecting themselves from being subject to similar suits" in the future. *See Perfect 10, Inc. v. CWIE, LLC*, No. CV 02-7624 LGB SHX, 2005 WL 5957973, at *3 (C.D. Cal. Feb. 10, 2005) (declining to award attorney's fees). Moreover, I note that this is only one of several factors relevant to the determination of whether an award of attorney's fees is appropriate, and I find that it does not tip the balance here. *See Leibovitz*, 2000 WL 1010830, at *5 (denying motion for attorney's fees in fair use case despite acknowledgment that "[p]ermitting defendant to recover its attorneys' fees and costs would conform with the objectives of the Copyright Act").

### IV. Conclusion

For the foregoing reasons, Defendants' motion for attorney's fees is DENIED.

The Clerk of Court is respectfully directed to terminate the motion pending at Docket Entry 69.

SO ORDERED.

Dated: September 26, 2019
     New York, New York

Vernon S. Broderick
United States District Judge